ROBERT A. CHAISSON, Judge.
12This is an appeal by Mark Dingier, plaintiff, from a judgment sustaining an exception of prescription urged by Heart Clinic of Louisiana and Brian J. Cospolich, M.D., defendants, in this medical malpractice action. For the following reasons, we affirm that judgment.
FACTS AND PROCEDURAL HISTORY
On October 11, 2006, Mr. Dingier saw Dr. Cospolich at the Heart Clinic of Louisiana with complaints of light-headedness, headache and chest discomfort while doing yard work. Various tests were conducted and Mr. Dingier was asked to return for a maximum cardiovascular stress test. He underwent the stress test on October 23, 2006, however, the test was stopped due to “ST changes and leg pains.” Dr. Cospo-lich noted that the maximum stress test was “abnormal with a 1 mm upsloping ST depression at peak.” He further noted that “more concerning is that he had a 7/10 tightness associated with neck discomfort, left arm discomfort, and he became cool and clammy six minutes into discovery.” Mr. Dingier testified that after he got off the treadmill, he told the staff at the clinic that he felt like he |,was having a heart attack, during the stress test. He further testified that his jaw, arm, and neck began hurting after the stress test.
Dr. Cospolich saw Mr. Dingier after the test and told him to go home, but with instructions to return as soon as possible for an angiogram. While Mr. Dingier and his wife proceeded to the admissions office of the West Jefferson Medical Center to schedule the angiogram, he stopped at the pharmacy to purchase some aspirins, which he immediately took. He testified that he did this because he still thought he *270 might have been having a heart attack. He stated that at that time he did not mention his fears to anyone on the hospital staff.
Mr. Dingier went home and within several hours of his discharge from the stress test, he was still having pains in his neck, arm and jaw. He reported later that same day to the West Jefferson Medical Center’s emergency room where he was diagnosed with a heart attack, and was immediately admitted. He continued to be treated by doctors from the Heart Clinic of Louisiana, albeit not by Dr. Cospolich. One of these physicians, Dr. Chester Fal-terman, confirmed on October 24, 2006, that Mr. Dingier had indeed suffered a heart attack and needed an angiogram that day. The angiogram was done by Dr. Robert Matheney, who discovered that there was a 100% blockage of a main artery and so informed Mr. Dingler’s wife. Mrs. Dingier is a L.P.N., who testified in deposition that she handled all of her husband’s medical matters. Mr. Dingier was discharged from the hospital on October 27, 2006.
For reasons that are not clear in the record, Mr. Dingier decided to obtain a second opinion as to the advisability of his returning to his employment. He saw Dr. Siddarth Bhansali on November 27, 2006, and returned for a stress test on December 6, 2006. Both Mr. Dingier and his wife testified in deposition that Dr. Bhan-sali did not provide them with any information or opinion as to [4Dr. Cospolich’s treatment. However, Mr. Dingier asserted, in both his deposition and in his testimony at the prescription hearing, that it was the disparity in the way the stress tests were administered by Dr. Cospolich and Dr. Bhansali which alerted him to the possibility that the former test was not properly done. It is his contention that it was on December 6, 2006, that the one year prescription of La. R.S. 9:5628 began to run, and that his petition for medical review, filed on December 6, 2007, was thus timely.
Defendants urged an exception of prescription, and after a hearing, the trial judge found that there was constructive knowledge of the claim when Mr. Dingier returned to the hospital and was diagnosed with a heart attack. He therefore sustained the exception of prescription and dismissed the suit with prejudice. This appeal followed.
LAW AND ANALYSIS
In the factually similar case of Bertoniere v. Jefferson Parish Hosp. Service Dist. No. 2, 07-301 (La.App. 5 Cir. 10/30/07), 972 So.2d 328, writ denied, 07-2276 (La.2/15/08), 976 So.2d 177, plaintiff had been examined for chest pains and given an EKG. He was sent home with a diagnosis of left shoulder pain. The next day he went to the hospital and was found to be having a heart attack. Suit was filed against the doctor over one year from the date of the original misdiagnosis of shoulder pain. The defendant doctor filed an exception of prescription which was sustained by the trial court, and affirmed on appeal.
The Bertoniere court reviewed the law and jurisprudence relating to the commencement of prescription in the medical malpractice context of La. R.S. 9:5628 as follows:
Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. A prescriptive period will | .begin to run even if the injured party does not have actual knowledge of facts that would entitle him to bring a suit as long as there is constructive knowledge of same. Constructive knowledge is whatever notice is enough to excite attention and put *271 the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. Such information or knowledge as ought to reasonably put the alleged victim on inquiry is sufficient to start running of prescription. Nevertheless, a plaintiff’s mere apprehension that something may be wrong is insufficient to commence the running of prescription unless the plaintiff knew or should have known through the exercise of reasonable diligence that his problem may have been caused by acts of malpractice. Even if a malpractice victim is aware that an undesirable condition has developed after the medical treatment, prescription will not run as long as it was reasonable for the plaintiff not to recognize that the condition might be treatment related. The ultimate issue is the reasonableness of the patient’s action or inaction, in light of his education, intelligence, the severity of the symptoms, and the nature of the defendant’s conduct. Campo v. Correa, 01-2707 (La.6/21/02), 828 So.2d 502, 510-11 (citations omitted.) Id. at 332.
On the facts of that case, the court concluded that the failure of the doctor to diagnose the heart condition on one day, and the occurrence of a heart attack on the next, constituted sufficient knowledge to put plaintiff on inquiry as to the propriety of the treatment. Because such knowledge is sufficient to start the running of prescription, the court ruled that the suit, filed more than one year from the original treatment, had prescribed.
Here, Mr. Dingler’s petition alleges that Dr. Cospolich was negligent in his treatment on October 23, 2006, in that he failed to note the severity of Mr. Dingler’s condition, failed to properly diagnose that condition, failed to properly treat the condition, and failed to admit him to the hospital immediately for the condition. The Heart Clinic of Louisiana was allegedly negligent in not informing Dr. Cospolich of the severity of Mr. Dingler’s condition, an apparent reference to his claim that he told various technicians immediately after the stress test that he was experiencing pains. Based on these facts, the trial judge deemed the | (-.information known to Mr. Dingier when he was hospitalized with a heart attack later on the same day that he was sent home by Dr. Cospolich, to be sufficient to establish constructive knowledge of a problem with Dr. Cospolich’s treatment. We do not find the trial court was manifestly erroneous in its conclusion.
Mr. Dingier argues that on the exception of prescription, the proponent bears the burden of proving that the time has run, and asserts that the trial judge improperly shifted the burden to him. There is no support for this contention in the record. The trial judge simply noted at the end of the hearing that, in his opinion, Mr. Dingier had constructive knowledge sufficient to begin the running of prescription when he returned to the hospital and was found to be suffering a heart attack. This finding was amply supported by the evidence presented by the defendants in support of their exception, and they clearly met their burden of showing that the liber-ative prescription of one year had accrued.
CONCLUSION
For the foregoing reasons, the judgment of the trial court sustaining the defendants’ exception of prescription and dismissing the suit with prejudice is hereby affirmed.

AFFIRMED